UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA MARIA LEAL FAJARDO,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, Warden, California City Corrections Center, et al.,<br><br>Respondents. | No.  1:25-cv-01386-SKO (HC)<br><br>**ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE GRANTED**<br><br>[THIRTY DAY DEADLINE] |

Petitioner is an immigration detainee proceeding with counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. She has filed a petition for writ of habeas corpus challenging her detention by the United States Department of Homeland Security ("DHS").

Petitioner is a citizen and national of Columbia who entered the United States on or about May 21, 2022. On June 4, 2022, an officer of the United States Immigration and Customs Enforcement ("ICE") paroled Petitioner into the United States under section 212(d)(5)(A) of the Immigration and Nationality Act ("INA").

On January 29, 2024, Petitioner filed an application seeking asylum and withholding of removal. On October 3, 2024, an ICE officer authorized Petitioner's parole for one year pursuant to INA section 212(d)(5)(A). On September 24, 2025, while Petitioner's parole status was still in effect, Petitioner appeared for an interview at the San Francisco Asylum Office of the United

1

States Citizenship and Immigration Services ("USCIS"). An officer of the USCIS conducted a credible fear interview, found that Petitioner had failed to establish a credible fear of persecution or torture in Colombia, and referred Petitioner to an Immigration Judge for review of the credible fear determination. Petitioner was taken into custody after the interview ended. She was transported to the California City Corrections Facility in California City where she has remained in detention pursuant to INA section 235(b)(1) in expedited removal proceedings.

Petitioner contends that her detention is unlawful because no evidence shows she is subject to application of § 1225(b)(2), and her detention without an expedited removal order violates the INA. She also claims her detention is unlawful without having first been provided sufficient notice and a meaningful opportunity to challenge the predicate bases of eligibility for expedited removal in violation of her Fifth Amendment Due Process rights. Petitioner also claims Respondents' retroactive designation of certain noncitizens for expedited removal is unauthorized by law.  Finally, Petitioner claims Respondents' unreasoned revocation of her parole status without adequate procedural safeguards violated her constitutional rights.

Because Petitioner may be entitled to relief if the claimed violations are proved, Respondent IS ORDERED TO SHOW CAUSE why the Petition should not be granted.  Rule 4, Rules Governing Section 2254 Cases; see Rule 1(b), Rule 11, Rules Governing Section 2254 Cases; Fed. R. Civ. P. 81(a)(2).  Respondent SHALL INCLUDE a copy of Petitioner's Alien File and any and all other documentation relevant to the determination of the issues raised in the petition. Rule 5 of the Rules Governing Section 2254 Cases.  In the event the Petitioner is released from ICE custody during the pendency of this Petition, the parties SHALL notify the Court by filing a Motion to Dismiss the Petition or other proper pleading.

Accordingly, it is HEREBY ORDERED:

1. Respondent is ORDERED TO SHOW CAUSE why the Petition should not be granted.  The Response to the Order to Show Cause is due within THIRTY (30) days of the date of service of this order.

2. Petitioner may file a Traverse to the Response within THIRTY (30) days of the date the Response to the Order to Show Cause is filed with the Court.

The Court has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230(h). As such, the matter will be taken under submission following the filing of Petitioner's Traverse or the expiration of the time for filing the Traverse. All other briefing in this action is suspended.

IT IS SO ORDERED.

Dated:    **October 23, 2025**                     /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE

3